# IN THE COURT OF APPEALS OF IOWA

No. 18-1072
Filed May 13, 2020

**STATE OF IOWA,**
     Plaintiff-Appellee,

**vs.**

**AWADIA MAJAK DENG,**
     Defendant-Appellant.

_____

Appeal from the Iowa District Court for Polk County, Carol S. Egly, District Associate Judge.

A defendant appeals her conviction for possession of marijuana. **AFFIRMED.**

Joel E. Fenton of Law Offices of Joel E. Fenton, PLC, West Des Moines, for appellant.

Thomas J. Miller, Attorney General, and Timothy M. Hau, Assistant Attorney General, for appellee.

Considered by Tabor, P.J., and Mullins and Schumacher, JJ.

**TABOR, Presiding Judge.**

Awadia Deng challenges her conviction for marijuana possession. She alleges her attorney was ineffective in advising her about the immigration consequences of her guilty plea. Because the record is inadequate to resolve her ineffective-assistance claim on direct appeal, we affirm her conviction but preserve her claim for possible postconviction-relief (PCR) proceedings.

The Polk County Attorney charged Deng with possession of marijuana in violation of Iowa Code section 124.401(5) (2017). The charge came after dispatch sent police officers to investigate a domestic dispute in October 2017. A caller reported her mother had locked her out of the house. When they arrived, officers found Deng in the kitchen holding a marijuana grinder. The officers told her it was illegal to possess drug paraphernalia. Deng and her mother grew "agitated" in response to the officers' questions about the reason for the 911 call. When the officers suggested Deng leave the home for the evening, she said, "[J]ust arrest me." Their search incident to that arrest recovered a small baggie of marijuana in Deng's purse.

In May 2018, Deng signed a written guilty plea. As part of the bargain, Deng agreed to a ten-day jail sentence. In return, the State agreed to dismiss several other misdemeanor charges. The plea form included this italicized acknowledgment: "*I understand that if I am not a citizen of the United States, a criminal conviction or deferred judgment may result in deportation and affect re-entry into the United States or have other adverse immigration consequences under federal immigration laws.*" The form also advised Deng that if she did not

move in arrest of judgment within the applicable time frame she would waive her right to challenge her guilty plea on appeal.

The court accepted her guilty plea at an in-person hearing. At the hearing, the court asked Deng is she was a citizen of the United States. Defense counsel responded, "[O]ur office policy is if there are any immigration consequences for a certain client, we get an immigration consult. If there are any immigration consequences for M[s.] Deng, they would have been reviewed thoroughly." The court then told Deng, "Even the best immigration expert cannot predict what might happen in the future that could [a]ffect anyone that has immigration consequences. Do you understand that?" Deng said she understood.

Deng did not move in arrest of judgment to challenge her guilty plea. In June 2018, the court imposed the agreed-upon ten-day jail sentence.

On appeal, Deng complains she did not receive the necessary information about the immigration consequences of her guilty plea. She cites *Padilla v. Kentucky*, 559 U.S. 356, 368 (2010), and *Diaz v. State*, 896 N.W.2d 723, 729 (Iowa 2017), for the proposition that criminal defense attorneys must advise their clients how pleading guilty may affect their immigration status.

At the outset, Deng contends the district court failed to warn her of the consequences of not moving in arrest of judgment. Such a failure would allow her to challenge the plea on appeal even though she did not comply with Iowa Rule of Criminal Procedure 2.8(2)(d). *See State v. Meron*, 675 N.W.2d 537, 540 (Iowa 2004). But, as the State points out, both the signed guilty plea and the order accepting the plea contained full explanations of the need to file a motion in arrest of judgment. On this record, Deng waived error by opting not to move in arrest of

judgment. *See State v. Barnes*, 652 N.W.2d 466, 468 (Iowa 2002). So her challenge must take the form of ineffective assistance of counsel.

We review her claim of ineffective assistance de novo. *See State v. Brubaker*, 805 N.W.2d 164, 171 (Iowa 2011). To succeed, Deng must show by a preponderance of the evidence that (1) plea counsel failed to perform an essential duty, and (2) that failure resulted in prejudice.[1] *See State v. Thorndike*, 860 N.W.2d 316, 320 (Iowa 2015). Because Deng alleges ineffective assistance in connection with her guilty plea, she must show but for counsel's breach a reasonable probability existed she would have insisted on going to trial. *See State v. Tate*, 710 N.W.2d 237, 240 (Iowa 2006).

Only in rare cases will the trial record alone be sufficient to decide a claim of ineffective assistance.[2] *State v. Atley*, 564 N.W.2d 817, 833 (Iowa 1997) (explaining we ordinarily preserve ineffective-assistance claims for PCR proceedings to allow full elaboration of the facts surrounding counsel's conduct). This is not one of those rare cases.

In her appellant's brief, Deng asserts she is a legal permanent resident, commonly called a "green card" holder. But as the State points out, that information does not appear in the trial court record. We also have no insight into what Deng's counsel advised her about the immigration consequences of her guilty

---

[1] Deng also alleges structural error. We see no support for that allegation in this record. *See Krogmann v. State*, 914 N.W.2d 293, 313 (Iowa 2018) (describing structural error as more than flaw in trial process, but affecting the framework within which the trial proceeds).

[2] This appeal was pending on July 1, 2019; so we may reach Deng's claim on direct appeal if the record is adequate. *See State v. Macke*, 933 N.W.2d 226, 228 (Iowa 2019).

plea.  Without those facts, we cannot determine whether counsel breached a duty or whether Deng suffered prejudice.  *See State v. Porte*, No. 15-1159, 2016 WL 3556451, at *1 (Iowa Ct. App. June 29, 2016) (affirming conviction and preserving claim for PCR); *State v. Cantarero-Diaz*, No. 12-1694, 2013 WL 3274219, at *2 (Iowa Ct. App. June 26, 2013) (same).  For now, we affirm the marijuana possession conviction.  Deng may revisit the challenge to her legal representation if she files for PCR.

**AFFIRMED.**